IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHRISTINE JOHNSON COLE, *et al.*,        )
                                          )
        Plaintiffs,                )
                                          )
    v.                                  )   CASE NO. 2:09-CV-914-WKW[WO]
                                          )
BRIANA K. CLEVELAND, *et al.*,            )
                                          )
        Defendants.                )

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Sabrina Cleveland's Motion for Summary Judgment, which is accompanied by evidence and a memorandum of law. (Docs. # 33, 34.) No response was filed by Plaintiffs in compliance with the deadline established in the General Briefing Order. (Doc. # 18.) The court nonetheless conducted an independent review of the record in light of the familiar standard governing summary judgment. Having done so, the court finds that the motion is not supported by a sufficient evidentiary basis and, thus, is due to be denied.

## I. JURISDICTION AND VENUE

Jurisdiction over this action is proper pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1441(a) (removal jurisdiction). The parties do not contest personal jurisdiction and venue, and the court finds adequate allegations in support of both.

## II.  STANDARD OF REVIEW

"[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Prop., 5800 S.W. 4th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).  The court, however, "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *Id.*

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Under Rule 56, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing there is no genuine issue of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.  "[T]he court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995).

Once the moving party has met its burden, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as

2

otherwise provided in this rule – set out specific facts showing a genuine issue for trial."

Fed. R. Civ. P. 56(e)(2). To avoid summary judgment, the nonmoving party "must do more

than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine factual dispute

exists if "a reasonable jury could return a verdict for the non-moving party." *Damon v.*

*Fleming Supermarkets, Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999) (internal quotation marks

and citation omitted).

## III. BACKGROUND

This removed diversity action arises out of a two-vehicle accident that occurred in

Lowndes County, Alabama, on September 5, 2008. (Am. Compl. ¶¶ 5-9.) Defendant Briana

Cleveland ("Briana") was traveling northbound on State Route 97 in a 2001 Toyota Camry.

At the intersection of State Route 97 and U.S. Highway 80, Briana "misjudged the distance

to the median" and collided with the vehicle driven by Plaintiff Christine Cole, injuring Ms.

Cole and the minor child traveling with her. (Brian's Resp. to Interrogs. ¶ 9.) The minor

child is represented by his mother and next friend, Plaintiff Lesia Johnson. (Compl. 1.)

Plaintiffs originally brought this action in the Circuit Court of Lowndes County,

Alabama, alleging claims of negligence and wantonness against Briana and seeking

underinsured motorist coverage from Ms. Cole's insurance company. After this lawsuit was

removed to federal court, Plaintiffs amended their Complaint to add a claim for negligent

entrustment of a vehicle against an additional Defendant, Sabrina Cleveland ("Sabrina").[1] Sabrina filed a motion for summary judgment as to this claim.  (Am. Compl. ¶¶ 28-34.) Construed in the light most favorable to Plaintiffs, Sabrina's evidence establishes the following.

Sabrina owned the 2001 Toyota Camry and had given Briana permission to drive it on the day in question.  (Sabrina's Aff. ¶ 1.)  Prior to the accident, Sabrina had observed Briana driving on "numerous occasions," and never in an unsafe manner.  (Sabrina's Aff. ¶ 2.) Briana has received two traffic citations for speeding, one in 2007 and one in 2008, and has been involved in one "rear end collision."  (Briana's Resp. to Interrogs. ¶¶ 19-20.)  The rear end collision occurred when Briana was seventeen years old.  (Briana's Resp. to Interrogs. ¶ 20.)  She had not consumed any alcoholic beverages within twenty-four hours of the collision or taken any "drugs or prescription medication" within seven days of the accident.  (Briana's Resp. to Interrogs. ¶¶ 10, 13.)

## IV. DISCUSSION

Under Alabama law, the elements of a cause of action for negligent entrustment are: "(1) an entrustment; (2) to an incompetent; (3) with knowledge that [s]he is incompetent; (4) proximate cause; and (5) damages." *Mason v. New*, 475 So. 2d 854, 856 (Ala. 1985). Sabrina argues that there is insufficient evidence to create a genuine issue of material fact

---

[1] Because they have the same last name, Sabrina and Briana are referred to by their first names only.  The relationship between Sabrina and Briana is not in the record.

that Briana was an incompetent driver and, thus, that Sabrina had knowledge of Briana's alleged incompetency.

As to these elements, Plaintiffs must prove that Sabrina entrusted her vehicle to Briana, notwithstanding that she knew, or had reason to know, that Briana would be "'likely because of h[er] youth, inexperience, or otherwise, to use [the vehicle] in a manner involving unreasonable risk of physical harm to h[er]self and others.'"  *Mason*, 475 So. 2d at 856 (quoting Restatement (Second) of Torts, § 390 (1965)); *see also Halford v. Alamo Rent-A-Car, LLC*, 921 So. 2d 409, 413-14 (Ala. 2005) ("[T]he incompetence of a driver is measured by the driver's demonstrated ability (or inability) to properly drive a vehicle.").

Incompetency may be demonstrated by evidence

> that the driver to whom the defendant entrusted the vehicle was "unable or unlikely to have operated the motor vehicle with reasonable safety due to one of several characteristics or conditions," including "general incompetence" or "habitual negligence."  More specifically, proof may "be established by evidence of previous acts of negligent or reckless driving, . . . previous accidents, or previous acts of driving while intoxicated."

*Edwards v. Valentine*, 926 So. 2d 315, 321-22 (Ala. 2005) (citations omitted).  In *Pryor v. Brown & Root USA, Inc.*, 674 So. 2d 45 (Ala. 1995), relied upon by Sabrina, summary judgment was entered in favor of the defendant on a negligent entrustment claim.  Although the defendant entrusted its vehicle to an individual who had been charged with driving under the influence of alcohol within ten years of the accident in question, and had received two speeding tickets within three years of the accident, those driving infractions were insufficient to demonstrate that the driver was incompetent.  *See id.* at 51-52.

5

Having carefully applied the foregoing principles of Alabama law to the summary judgment evidence in this case, the court finds that the salient facts have not been fully developed, and that, therefore, the "better course would be to proceed to a full trial" on the negligent entrustment claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). First, there are sparse details about Briana's two speeding tickets. Only the years (2007 and 2008) and the state (Ohio) in which the tickets were issued are provided. The rate of speed is not mentioned, and in particular, without information as to the month or date in which the 2008 citation occurred, it cannot be ascertained whether the speeding ticket occurred prior to or after September 5, 2008, the day of the accident at issue.

Second, in her brief, Sabrina says that Briana is twenty-two years old and has held a valid driver's license since 2003. While these facts could prove relevant to Briana's youth and experience, they are not supported by evidence. The evidence Sabrina cites does not contain any information about Briana's age, her date of birth, or how many years she has maintained a valid driver's license.

Third, the evidence reveals only that Briana was involved in a "rear end collision," but an informed analysis of her competence would be aided substantially by details about this collision, including who was at fault and whether there were any aggravating circumstances attending it. Also, without evidence of Briana's age, there is no way to gauge the temporal nexus between the rear end collision, which occurred when Briana was seventeen years old, and the accident at issue. The record simply is too sparse regarding Briana's driving history

6

for the court to make an informed ruling on the issue of Briana's competency or Sabrina's knowledge of the alleged incompetency.

## V.  ORDER

For the foregoing reasons, it is ORDERED that Defendant Sabrina Cleveland's Motion for Summary Judgment (Doc. # 33) is DENIED.

DONE this 17th day of June, 2010.

_____/s/ W.  Keith Watkins_____
UNITED STATES DISTRICT JUDGE